In the Matter of the Arbitration between Ethel Zitner, as Administratrix of the Estate of Max Zitner, Deceased, Appellant, and William Karpman et al., Respondents.— Petitioner, the administratrix of the estate of her husband, appeals from an order which denied her application to stay arbitration proceedings. Order affirmed, without costs; with leave to petitioner, if so advised, to designate an arbitrator within five days after the entry of the order hereon. No opinion. MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.

George E. Morris, Jr., as Executor of George E. Morris, Deceased, Appellant, v. A. M. Hunter & Son, Inc., Respondent, et al., Defendant. A. M. Hunter & Son, Inc., Third-Party Plaintiff-Appellant, v. W. R. Robinson, Doing Business under the Name of W. R. Robinson Company, Third-Party Defendant-Respondent.— Action to recover damages for personal injuries suffered by plaintiff's testator (hereinafter called the plaintiff) while he was engaged in roofing work as an employee of a subcontractor on a building which was being remodeled under a contract between the owner and a general contractor. Plaintiff, an experienced sheet metal and roofing worker, in order to reach the roof of the building, stepped on to a temporary window frame which gave way and caused him to fall to the ground and suffer injuries. The temporary frame had been installed inside a dormer window opening, and this opening had been used by other workmen before the accident to reach the roof. The roof was located to the sides of the opening, no part of it being in front of the opening. There were other and safer means of reaching the roof. The jury found a verdict in favor of plaintiff against the general contractor. Decisions on the motion to dismiss the complaint, made at the close of the entire case, and on the motion to set aside the verdict, were reserved. After consideration both motions were granted. The order entered thereon provides additionally that a judgment and a resettled judgment, which had been entered on the verdict while the matter was *sub judice,* be vacated. Plaintiff appeals from this order. The third-party plaintiff, A. M. Hunter & Son, Inc., appeals from the resettled judgment which dismisses its complaint for indemnity. Order affirmed, with costs. No opinion. Appeal from resettled judgment dismissed, without costs. The resettled judgment has been vacated, and there is no other order or judgment dismissing the thirty-party complaint, from which appeal might be taken. MacCrate, Acting P. J., Schmidt, Murphy and Ughetta, JJ., concur; Beldock, J., concurs in the dismissal of the appeal from the resettled judgment, but dissents as to the order and votes to reverse said order and to reinstate the verdict on the ground that under all the circumstances disclosed by this record the issues of negligence and contributory negligence presented questions of fact for determination by the jury.